12-2502-cv
*Arena v. Village of Suffern*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

ROBERT B. ARENA,

     *Plaintiff-Appellant,*

    -v.-                12-2502

THE VILLAGE OF SUFFERN, NEW YORK, ET AL.,

     *Defendants-Appellees.*

_____

FOR APPELLANT:     Robert B. Arena, *pro se*, Mooresville, NC.

FOR APPELLEES:     Terry Rice, Law Offices of Rice & Amon, Suffern, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED.**

Plaintiff-Appellant Robert B. Arena, *pro se*, appeals from a May 23, 2012 memorandum of decision from the United States District Court for the Southern District of New York (Eginton, *J.*)[*] granting Defendants-Appellees' motions for reconsideration, pursuant to Federal Rule of Civil Procedure Rule 60(b), and for summary judgment. On appeal, Arena also challenges the district court's grant of numerous extensions of time to Defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion for summary judgment. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We review both a district court's order granting a Rule 60(b) motion and a district court's grant of an extension of time pursuant to

---

[*] Judge Eginton, of the United States District Court for the District of Connecticut, sitting by designation.

2

Federal Rule of Civil Procedure 6(b) for abuse of discretion.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (Rule 60(b) motions); *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283–84 (2d Cir. 2005) (motions for extension of time).  "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions."  *Johnson*, 642 F.3d at 125.

On appeal, Arena argues that the district court erred in granting Defendants' numerous "untimely" requests for extensions of time to file their opposition to Arena's motion for summary judgment.  Under Rule 6(b), a court may, for good cause, grant an untimely motion for an extension of time "if the party failed to act because of excusable neglect."  FED. R. CIV. P. 6(b)(1)(B).  Here, the district court did not abuse its discretion in granting Defendants' motions for extensions of time because the majority of Defendants' requests followed from defense counsel's poor health; indeed, defense counsel underwent surgery during the course of this action.

But even assuming that the district court improperly granted extensions for reasons unrelated to defense counsel's illness, Arena's claim is moot.  After an independent review of the record and relevant case law, we conclude, for substantially the same reasons articulated by the district court in its well-reasoned memorandum of decision, that the court: (1) did not abuse its discretion in granting Defendants' Rule 60(b) motion; and (2) properly granted summary judgment to Defendants.

We have considered Arena's remaining arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk